**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHANIQUE BEST**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**CHEXSYSTEMS, INC.**,<br><br>*Defendant*. | CIVIL ACTION NO.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff SHANIQUE BEST ("Best"), on behalf of herself and all others similarly situated, brings this class action against Defendant ChexSytems, Inc. ("ChexSystems"), a nationwide specialty consumer reporting agency ("CRA"). Plaintiff alleges, based on personal knowledge as to Defendant's actions, and upon information and belief as to all other matters, as follows:

## I.  PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, attorneys' fees and costs for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and the New York Fair Credit Reporting Act ("NYFCRA"), N.Y. Gen. Bus. Law §§ 380-a-380-v.  Plaintiff also seeks injunctive relief for herself and certain Class members under the NYFCRA.

2. Defendant ChexSystems, Inc. is a nationwide specialty consumer reporting agency under the Fair Credit Reporting Act (FCRA). ChexSystems' clients regularly contribute information on check writing history and the closure of checking and savings accounts. ChexSystems provides services to financial institutions and other types of companies that have a permissible purpose under the FCRA. ChexSystems' services primarily assist its clients in

assessing the risk of opening new accounts. https://www.chexsystems.com/answers-to-frequently-asked-questions, last visited April 26, 2024.

3. In addition to being a CRA under the FCRA, Defendant is a CRA under the NYFCRA. The NYFCRA was modeled after the FCRA in many respects although it contains several distinct provisions and duties. As such, Defendant is governed by many statutory requirements, most notably here, the duty to assure the maximum possible accuracy of the consumer data it sells, the duty to provide complete transparency to consumers about the information it sells about them, and the duty to investigate disputes of inaccurate information. 15 U.S.C. §§1681e(b), 1681g and 1681i; N.Y. Gen. Bus. Law § 380-j(e), 380-d and 380-f. Defendant systematically violates all of these duties as outlined below.

4. Defendant collects information about consumers from financial institutions all across the country, and provides its clients information and reports about consumers' banking and checking activity and history, including whether they have engaged in fraudulent activity to help them assess risk.

5. As the information bears upon consumers' character, general reputation, personal characteristics, credit standing, and mode of living, among other things, and is sold to financial institutions to determine consumers' eligibility for banking services, it constitutes "consumer reports" under the FCRA and NYFCRA.

6. Plaintiff is the victim of inaccurate and defamatory consumer reports sold by Defendant to numerous customers. The inaccurate information pertains to a Bank of America ("BANA") bank account that Plaintiff had, that Defendant has indicated was associated with fraud.

7. The fraud notation reported about Plaintiff was and is false. No fraud has ever occurred on her account, and Plaintiff has never engaged in fraud. When Plaintiff has requested

her file from Defendant to see the information about the erroneous fraud notation, Defendant has failed to provide her with all of the information about the fraud to which she is entitled. And while Plaintiff has disputed the fraud notation on numerous occasions, Defendant has failed to conduct any appropriate reinvestigations of her disputes, instead simply relied upon and parroted the fraud information from BANA and taking its word without more, or worse, deeming her disputes as "frivolous".

## II. JURISDICTION AND VENUE

8. The Court has federal question jurisdiction pursuant to the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction for Plaintiff's NYFCRA claim pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant can be found in this District and regularly sells its products and services in this District.

## III. PARTIES

10. Plaintiff Shanique Best ("Best") is a resident of Brooklyn, New York and is a "consumer" as defined by FCRA § 1681a(c) and NYFRCA § 380-a(b).

11. Defendant ChexSystems, Inc. ("ChexSystems"), is a foreign corporation and business entity that regularly conducts business in New York, and which has its headquarters and a principal place of business located in Minneapolis, Minnesota.

## IV. FACTUAL ALLEGATIONS

12. In February of 2022, Plaintiff discovered that BANA was furnishing to at least one of the nation's CRAs, Defendant ChexSystems, that she had engaged in fraudulent activity. Plaintiff had ordered her ChexSystems file disclosure to learn more.

13.     On February 6, 2022, Defendant ChexSystems sent Plaintiff a document that it termed a "report" (the "February 6th Report").  Upon information and belief, the February 6th report was a standard form document that Defendant considers to be a file disclosure that it sends to consumers pursuant to its obligations under the FCRA and NYFCRA.

14.     Among other things, the February 6th Report included a reference to "SUSPECTED FRAUD ACTIVITY; ANY AMOUNTS OWED HAVE BEEN PAID"; it listed the source as "BANK OF AMERICA" and "Date of Closure: 03/17/2020" along with a "Closure Status: SETTLED IN FULL."

15.     Plaintiff suspected that the fraud reference and account closure related to the depositing of a check into her BANA deposit account by her husband Daniel Hylton that BANA had erroneously flagged as fraud on a prior occasion, but could not know for sure or with any certainty because the report did not convey anything about the date, original payee and amount of the check as required by 15 U.S.C. §1681g(a)(4), or even whether it related to a check at all.  Plaintiff had held a BANA account in good standing, and had never engaged in any type of fraud.  The check was from Mr. Hylton's union Mason Tenders D.C. Welfare Fund Vacation Account, payable to him and which he endorsed to her for deposit into her BANA account.  There was nothing fraudulent about the transaction.

16.     To this day, Plaintiff still does not know with certainty what check, if any, the erroneous fraud notation, and account closure relates to since the ChexSystems reports she received did not provide any specific information.

17.     Assuming that the erroneous fraud notation on her February ChexSystems Report pertained to her husband's vacation account, Plaintiff disputed the fraudulent reporting with both ChexSystems and BANA directly in March of 2022 by way of a detailed letter sent certified mail,

4

return-receipt-requested directly to both entities explaining the error. Plaintiff's dispute included numerous supporting documents, including a copy of the ChexSystems Report, a check stub, a copy of the check in question, a copy of her marriage certification with Mr. Hylton, and a letter from Mr. Hylton's employer verifying the check's validity.

18. Plaintiff has no record of ever receiving a response from Defendant regarding her March 2022 dispute.

19. Upon information and belief, Defendant never conducted any reasonable reinvestigation of Plaintiff's disputes, never contacted her or husband to follow up on the circumstances related to the erroneously reported check, never reviewed her detailed correspondence and extensive documentation supporting her disputes, and never contacted her husband's union or her husband to verify to validity of the check and/or his endorsement to her.

20. On April 26, 2022, BANA sent Plaintiff a letter documenting that it had received her dispute "to adjust information reported to the consumer reporting agency" but that "[its] review determined that [it] accurately reported [her] account to the consumer reporting agencies" and that "The account information is being accurately reported to [her] file." Plaintiff received the letter a couple of days after it was sent.

21. Plaintiff requested her file from Defendant ChexSystems in November of 2023.

22. On November 13, 2023, Defendant ChexSystems sent Plaintiff a document that it termed a "report" (the "November 13th Report"). Upon information and belief, the February 6th report was a standard form document that Defendant considers to be a file disclosure that it sends to consumers pursuant to its obligations under the FCRA and NYFCRA.

23. The November 13th Report included a fraud notation relating to a BANA account but this time with different information. Among other things, the November 13th Report included

5

a reference to "SUSPECTED FRAUD ACTIVITY; REPORT IS DISPUTED BY CONSUMER(S), AND VERIFIED ACCURATE BY FI;"; it listed the source as "BANK OF AMERICA" and "Date of Closure: 01/30/2020" along with a "Closure Status: SETTLED IN FULL."

24.    Plaintiff again suspected that the fraud reference and account closure related to the depositing of a check into her BANA deposit account by her husband Daniel Hylton that BANA had erroneously flagged as fraud on a prior occasion, but could not know for sure or with any certainty because the report did not convey anything about the date, original payee and amount of the check as required by 15 U.S.C. §1681g(a)(4), whether it related to a check at all, and this time had a different closure date.  Had Defendant documented the amount of the check, payee and date as it is required to do under the FCRA, Plaintiff would have been able to ascertain if it was the same BANA account arising into which her husband's vacation check was deposited, but she was deprived of this information by Defendant's systemic non-compliance with the FCRA.

25.    The November 13th Report informed Plaintiff that it had received her March of 2022 dispute by noting that "REPORT IS DISPUTED BY CONSUMER(S)".

26.    The November 13th Report also documented that ChexSystems had published the erroneous BANA information to numerous entities since her March 2022 dispute, including Factor Trust and Progressive Finance, LLC on December 20, 2022; Trans Union and Mission Lane on July 11, 2023; Goldman Sachs on August 5, 2023; and Paypal Credit on July 15, 2023.

27.    Plaintiff again disputed the erroneous fraud notation associated with the BANA account with both ChexSystems and BANA directly in January of 2024 by way of a detailed letter sent certified mail, return-receipt-requested directly to both entities explaining the error. Plaintiff's dispute included numerous supporting documents including a copy of the

6

ChexSystems Report, a copy of the check in question, a copy of her marriage certification with Mr. Hylton, a letter from Mr. Hylton's employer verifying the check's validity, and also an Affidavit of Daniel Hylton.

28. In response to her ChexSystems dispute, upon information and belief, ChexSystems relayed her dispute to BANA and BANA received the January 2024 dispute.

29. On January 14, 2024, ChexSystems sent Plaintiff a form letter which it characterized as a response to her January 2024 dispute (the "January 14th Dispute Response Letter"). The letter asserted, among other things, that:

- "[Plaintiff's] dispute [was] considered frivolous or irrelevant.";
- "A reinvestigation of the information [she] disputed regarding Bank of America was already completed.
- "The Closure status Date and Date of Closure has been changed to 01/30/2020."
- "With the above change the source has verified the information they submitted to be accurate and complete. As a result, it will remain on file at ChexSystems."
- "The source has informed that the account closed due to invalid item deposited on 1/21/2020 for $6663.38."

(emphasis supplied)

30. Included with the January 14, 2024 ChexSystems reinvestigation results was a copy of Plaintiff's file that again included reference to the BANA account fraud notation, yet again, did not convey anything about the date, original payee and amount of the check as required by 15 U.S.C. §1681g(a)(4), or even whether it related to a check at all (the January 14th Report"). However, it is clear that Defendant possessed this information, having reported the amount of the check in the January 14th Dispute Response Letter. Defendant systematically violates section 1681g(a)(4) by failing to provide the information required by the FCRA when it reports adverse characterizations of consumers which are based upon check writing history.

7

31. Notwithstanding Plaintiff's January 2024 dispute, and prior dispute, pursuant to its usual procedures Defendant never conducted any reasonable reinvestigation of Plaintiff's dispute as evidenced by the following conduct:

   a. it never contacted Plaintiff or her husband to follow up on the circumstances related to the erroneously reported check;
   b. it never reviewed her detailed correspondence and extensive documentation supporting her disputes;
   c. it never contacted her husband's union to verify to validity of the check and/or his endorsement to her;
   d. considered her dispute frivolous merely because she had disputed the same information previously;
   e. never investigated Plaintiff's dispute merely because, or as a result of the fact that the source (*i.e.* BANA) "verified the information they submitted to be accurate and complete."

Rather, and contrary to the FCRA and NYFCRA, upon receipt of a dispute, it is Defendant's practice to merely parrot whatever the source of its information says, and use form letters to convey the impression that it reinvestigates consumer disputes. As such, Defendant systematically undermines and violates the reinvestigation requirements of the FCRA and NYFCRA.

32. As a direct and proximate cause of Defendant's conduct in reporting the derogatory and defamatory fraud notation about her, failing to reinvestigate her disputes, and failing to provide her with all information she is entitled to under the FCRA, Plaintiff has suffered economic and non-economic damages, including loss of employment opportunities. Plaintiff has been unable to complete job readiness training programs for employment within the banking sector and has had to opt out of FDIC placement opportunities because of the fraud notation on her consumer reports. Moreover, Plaintiff has suffered damage to her reputation, embarrassment, and emotional distress, and has been deprived of funds due to her.

33. At all times pertinent hereto, all above-mentioned ChexSystems reports were "consumer reports" as that term is defined by the FCRA and NYFCRA.

## V. CLASS ACTION ALLEGATIONS

34. Plaintiff repeats the allegations in the foregoing paragraphs as though fully set forth herein.

35. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following classes:

### a. The Disclosure Class

All natural persons residing in the United States of America: a) for whom ChexSystems had reported or maintained information in its records pertaining to an account closure, suspected fraud or other adverse information relating to a check transaction; b) at the time it sent such persons a report or file disclosure pursuant to the FCRA substantially in form of the February 6th, November 13th and January 14th Reports; c) within five years of the filing of this lawsuit until such time as the class list is prepared.

### b. The Dispute Class

All natural persons residing in the United States of America: a) for whom ChexSystems issued a consumer report to a third party; b) who disputed the accuracy or completeness of information contained in a ChexSystems report; c) to whom ChexSystems sent a letter substantially in the form of the January 14th Dispute Results Letter that it sent to the Plaintiff; d) within five years of the filing of this lawsuit until such time as the class list is prepared.

### c. The New York Dispute Subclass 1

All natural persons residing in State of New York: a) for whom ChexSystems issued a consumer report to a third party; b) who disputed the accuracy or completeness of information contained in a ChexSystems report; c) to whom ChexSystems sent a letter substantially in the form of the January 14th Dispute Results Letter that it sent to the Plaintiff; d) within five years of the filing of this lawsuit until such time as the class list is prepared.

### d. The New York Dispute Subclass 2

All natural persons residing in State of New York: a) for whom ChexSystems issued a consumer report to a third party; b) who disputed the accuracy or completeness of information contained in a ChexSystems report; c) to whom ChexSystems sent a letter substantially in the form of the January 14th Dispute Results Letter that it

sent to the Plaintiff; d) and for whom ChexSystems published the disputed information to a third party within five years of the filing of this lawsuit until such time as the class list is prepared.

36. **Numerosity**. **Fed. R. Civ. P. 23(a)(1)**. The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant follows standardized procedures including the use of form letters with respect to sending file disclosures to consumers and responding to consumer disputes.

37. **Existence and Predominance of Common Questions of Law and Fact**. **Fed. R. Civ. P. 23(a)(2)**. Common questions of law and fact exist as to all Class members, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others: whether Defendant's practices for providing file disclosures and responding to consumer disputes constituted willful violations of the FCRA and NYFCRA.

38. **Typicality**. **Fed. R. Civ. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory, actual and punitive damages that she seeks for absent Class members.

39. **Adequacy**. **Fed. R. Civ. P. 23(a)(4)**. Plaintiff is an adequate representative of the Class. Her interests are aligned with, and are not antagonistic to, the interests of the Class members she seeks to represent. She has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the Class members' interests.

40. **Predominance and Superiority**. **Fed. R. Civ. P. 23(b)(3)**. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory, actual and punitive damages sought by each member are such that

individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members, individually, to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI. CLAIMS FOR RELIEF

### COUNT I
### FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681i
### (NATIONAL CLASS - DAMAGES)

41. Plaintiff realleges and incorporates by reference all preceding allegations.

42. Section 1681i of the FCRA requires that if a consumer disputes the completeness or accuracy of an item of information in a consumer's file, the CRA must perform a reinvestigation of the disputed information or delete it.

43. Plaintiff informed Defendant multiple times that she was disputing the accuracy of the fraud associated with her BANA account.

44. Although the FCRA required Defendant to take steps to investigate Plaintiff's dispute, Defendant willfully violated the FCRA by either simply passing her dispute onto BANA and parroting whatever it reported or declaring the disputes frivolous merely because she had disputed the same information previously. As Defendant employs the same dispute response procedures for all consumers, Defendant also willfully violated the rights of Class members.

WHEREFORE, Plaintiff Best and the Class request relief as follows:

A.  An order certifying the proposed Class under Rule 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.  An award of statutory damages in the amount of $100-$1000 per Class member and punitive damages for Plaintiff and the Class;

C.  An award of attorneys' fees and costs; and,

D.  Such other relief as the Court deems just and proper.

## COUNT II
## FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681g(a)(4)
## (NATIONAL CLASS - DAMAGES)

45.  Plaintiff realleges and incorporates by reference all preceding allegations.

46.  Section 1681g of the FCRA requires that, upon request, every consumer reporting agency must provide a consumer, all information in the consumer's file, including the dates, original payees and amounts of any checks which is based any adverse characterization of the consumer, included at the time of the disclosure.

47.  Defendant violated FCRA section 1681g(a)(4), when it sent multiple file disclosures to Plaintiff that referenced a BANA account closure associated with fraud based upon a check, but did not include the required FCRA information about the check. As such, Plaintiff was deprived of important information regarding the circumstances of the account closure and the erroneous fraud associations.

48.  Given that Defendant routinely reports information about account closures to its clients and utilizes the same standardized ChexSystems's file disclosures it sent to Plaintiff

omitting statutorily required information, Defendant willfully violated the rights of all Class members.

WHEREFORE, Plaintiff Best and the Class request relief as follows:

A.  An order certifying the proposed Class under Rule 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.  An award of statutory damages in the amount of $100-$1000 per Class member and punitive damages for Plaintiff and the Class;

C.  An award of attorneys' fees and costs; and,

D.  Such other relief as the Court deems just and proper.

## COUNT III
## N.Y. GEN. BUS. LAW § 380-f
## (NEW YORK CLASS SUBCLASS – INJUNCTION AND DAMAGES)

49. Plaintiff realleges and incorporates by reference all preceding allegations.

50. Section 380-f of the NYFCRA requires that if a consumer disputes the completeness or accuracy of an item of information in a consumer's file, the CRA must perform a reinvestigation of the disputed information or delete it.

51. Plaintiff informed Defendant multiple times that she was disputing the accuracy of the fraud associated with her BANA account.

52. Although the NYFCRA required Defendant to take steps to investigate Plaintiff's dispute, Defendant willfully violated the NYFCRA by either simply passing her dispute onto BANA and parroting whatever it reported or declaring the disputes frivolous merely because she

had disputed the same information previously. As Defendant employs the same dispute response procedures for all consumers, Defendant also willfully violated the rights of Class members.

WHEREFORE, Plaintiff Best and the Class pray for relief as follows:

A. An order certifying the proposed Class under Rule 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of punitive damages for Plaintiff and the Class;

C. An order declaring ChexSystems's consumer dispute handling procedures to be in violation of the NYFCRA;

D. An injunction prohibiting Defendant from selling Plaintiff's consumer reports until and only when its compliance with the NYFCRA is assured, as well as other appropriate declaratory and injunctive relief.

E. An award of attorneys' fees and costs; and,

F. Such other relief as the Court deems just and proper.

## COUNT IV
## N.Y. GEN. BUS. LAW § 380-j(a)(4)
## (NEW YORK SUBCLASS - INJUNCTION AND DAMAGES)

53. Plaintiff realleges and incorporates by reference all preceding allegations.

54. NY-FCRA Section 380-j(a)(4) provides that "[n]o consumer reporting agency shall report or maintain in the file on a consumer information . . . which it has reason to know is inaccurate."

55. Plaintiff and New York Class members all disputed information in their ChexSystems' files that ChexSystems gave ChexSystems reason to know that it was inaccurate.

56. Defendant violated section 380-j(a)(4) of the NY-FCRA by continuing to report information about Plaintiff and Class members that it had reason to know was inaccurate.

14

WHEREFORE, Plaintiff Best requests relief as follows:

A.  An order certifying the proposed Class under Rule 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.  An award of punitive damages for Plaintiff and the Class;

C.  An order declaring ChexSystems's consumer reports to be in violation of the NYFCRA;

D.  An injunction prohibiting Defendant from selling Plaintiff's consumer reports until and only when its compliance with the NYFCRA is assured, as well as other appropriate declaratory and injunctive relief.

E.  An award of attorneys' fees and costs; and,

F.  Such other relief as the Court deems just and proper.

## COUNT V
## FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681e(b)
### (Individual Claim)

57. Plaintiff realleges and incorporates by reference all preceding allegations.

58. Defendant ChexSystems violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's background report and the files it published and maintained.

59. As a result of ChexSystems's violations of 15 U.S.C. § 1681e(b), Plaintiff Best suffered actual damages including but not limited to: loss of employment income and benefits, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

60.     The violations by ChexSystems were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, ChexSystems was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

61.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from ChexSystems in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and § 1681o.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant ChexSystems, for the following requested relief:

A.     Actual damages;

B.     Statutory damages;

C.     Punitive damages;

D.     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E.     Such other and further relief as may be necessary, just and proper.

### COUNT VI
### N.Y. GEN. BUS. LAW § 380-j(e)
### (Individual Claim-Injunction and Damages)

62.     Plaintiff realleges and incorporates by reference all preceding allegations.

63.     Defendant ChexSystems violated section 380-j(e) of the NYFCRA by failing to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's background report and the files it published and maintained.

64. As a result of ChexSystems's violations of NYFCRA section 380-j(e), Plaintiff Best suffered actual damages including but not limited to: loss of employment income and benefits, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

65. The violations by ChexSystems were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to N.Y. Gen. Bus. Law 380-l. In the alternative, ChexSystems was negligent, which entitles Plaintiff to recovery under N.Y. Gen. Bus. Law § 380-m.

66. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from ChexSystems in an amount to be determined by the Court pursuant to N.Y. Gen. Bus. Law § 380-l and § 380-m.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant ChexSystems, for the following requested relief:

A. Actual damages;

B. Punitive damages;

C. Costs and reasonable attorneys' fees pursuant to the NYFCRA; and

D. An injunction prohibiting Defendant from selling Plaintiff's consumer reports until and only when its compliance with the NYFCRA is assured, as well as other appropriate declaratory and injunctive relief.

## VII. JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims.

DATED: April 30, 2024

Respectfully submitted,

SHANIQUE BEST, by her attorneys,

_____
Kevin C. Mallon
FRANCIS MAILMAN SOUMILAS, P.C.
One Liberty Plaza, Suite 2301
New York, NY 10006
T: (646) 759-3663
kmallon@consumerlawfirm.com

James A. Francis*
John Soumilas*
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

Michael C. Pope
Shomari Ward
Simratpal Kaur
YOUTH REPRESENT
11 Park Place, Suite 1512
New York, New York 10007
Telephone: (646) 759-8080
mpope@youthrepresent.org
sward@youthrepresent.org
skaur@youthrepresent.org

*Petition to appear *pro hac vice* forthcoming